UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON SCOTT,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>      Respondent. | No. 3:23-cv-1026 (SRU) |

## ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Jason Scott has filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255 due to what he argues was an improper application of a sentencing enhancement. *See generally* Doc. No. 1. Specifically, Scott argues that his conduct in a state murder conspiracy did not qualify for enhancement under U.S.S.G. Section 2A1.5. He contends that as a result of that enhancement, he was sentenced to 120 months instead of a sentence within the range of 77 to 96 months of imprisonment. *Id.* at 12.

"[S]entencing arguments" not raised "on direct appeal" cannot be raised in a section 2255 petition. *Hernandez v. United States*, 2003 WL 223467, at *2 (S.D.N.Y. Jan. 31, 2003); *accord Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam). Scott did not appeal his sentence. *See generally United States v. Scott*, Dkt. No. 3:20-cr-177-SRU-4. Nor has Scott shown that there has been a "complete miscarriage of justice." *Graziano*, 83 F.3d at 590; *see also id.* (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)) ("error in application of Sentencing Guidelines does not constitute 'complete miscarriage of justice'"). Scott is therefore procedurally barred from challenging his sentence in a section 2255 motion.

Moreover, Scott signed a plea agreement in the underlying criminal case on March 28, 2022. *See United States v. Scott*, Dkt. No. 3:20-cr-177-SRU-4, Doc. No. 182. A change of plea

hearing was held before me on March 28, 2022, during which Scott entered a plea of guilty on Count 5 of the superseding indictment. *See United States v. Scott*, Dkt. No. 3:20-cr-177-SRU-4, Doc. 181 at 1. That plea agreement stated, in relevant part:

> The Government contends that the defendant's base offense level under U.S.S.G. §§ 2K2.1(c) (cross reference) and 2A1.5 (Conspiracy to Commit Murder) is 33. Assuming the defendant meets the conditions set forth above, 3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 30. Without admitting to the applicability of the cross-reference to § 2A1.5, the defendant agrees not to challenge the Government's guidelines calculation at sentencing . . . . A total offense level 30, with a Criminal History Category V, would result in a range of 151 to 188 months of imprisonment and a fine range of $30,000 to $250,000, U.S.S.G. § 5E1.2(c)(3). But as the statutory maximum sentence for 18 U.S.C. § 922(g) is ten years, the defendant's guideline range would be 120 months' imprisonment . . . [T]he defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence is 120 months of imprisonment. . . .This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

*United States v. Scott*, Dkt. No. 3:20-cr-177-SRU-4, Doc. No. 182 at 4-5, 6-7. After Scott's entry of his plea, on July 5, 2022, I sentenced Scott to, *inter alia*, 120 months of imprisonment. *United States v. Scott*, Dkt. No. 3:20-cr-177-SRU-4, Doc. No. 232.

Scott therefore stipulated in his plea agreement to the applicability of § 2A1.5 and agreed not to challenge his sentence if his sentence is 120 months of imprisonment. The Second Circuit has held that plea agreement waivers "of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." *United States v. Salcido-Contreras*, 990 F.2d 51, 51 (2d Cir. 1993) (per curiam).

Accordingly, Scott's motion to vacate his sentence is **denied**. *See* Doc. No. 1.

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of May 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
